UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-00072-TBR

MELISSA BARNES, CHRISTOPHER L. BARNES,
and EARLINE SAXTON

                 PLAINTIFFS

v.

ILLINOIS CENTRAL RAILROAD COMPANY
d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL
RAILROAD and JONES HAMILTON COMPANY     DEFENDANTS

and

JONES-HAMILTON COMPANY        THIRD-PARTY PLAINTIFF

v.

DURALINE SYSTEMS, INC.         THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket #36). Third-Party Defendant has objected (Docket #39). Plaintiffs have replied (Docket #40). Third-Party Defendant has filed a sur-reply (Docket #42). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' motion is DENIED.

## BACKGROUND

On May 15, 2007, Plaintiffs Melissa Barnes and Christopher L. Barnes filed their original complaint against Defendant Illinois Central Railroad Company ("Illinois Central") in federal court on the basis of diversity jurisdiction. In their complaint, Plaintiffs' alleged that on October 19, 2006, they suffered personal injuries when a railroad tank car operated by Illinois Central negligently released toxic chemicals into the environment. On October 1, 2007, the Court granted Plaintiffs' motion to amend their complaint to include Defendant Jones-Hamilton

Company ("Jones-Hamilton"). By the Court's December 21, 2007 Order, the case was consolidated with the case of Plaintiff Earline Brown Saxton.

On May 19, 2008, Jones-Hamilton filed a third-party complaint against Third-Party Defendant Duraline Systems, Inc. ("Duraline"). In its complaint, Jones-Hamilton alleged full indemnity and/or contribution against Duraline for any negligence adjudged against Jones-Hamilton. Plaintiffs now move to file their second amended complaint to include recovery for any damages that may be adjudged against Duraline. Duraline objects, arguing that Plaintiffs' claim is barred by KRS § 413.140, Kentucky's one-year statute of limitations for personal injury claims.

**ANALYSIS**

Rule 14(a)(3) of the Federal Rules of Civil Procedure permits a plaintiff to assert against a third-party defendant "any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." "The third-party defendant may then assert any defense under Rule 12 and any counterclaim under Rule 13(a), and may assert any counterclaim under Rule 13(b) or any crossclaim under Rule 13(g)." Fed. R. Civ. Pro. 14(a)(3). However, a plaintiff may amend his pleadings for the second time only "with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). Under Rule 15(a)(2), the Court "should freely give leave when justice so requires."

In their second amended complaint, Plaintiffs allege a negligence claim against Duraline for the faulty installation of a rubber patch on the tank car. Plaintiffs allege that the faulty installation caused the tank car to leak hazardous materials from the outer edge of the patch, thereby releasing chemicals into the environment that injured them.

Duraline objects to Plaintiffs' amendment to their pleadings on the basis of Kentucky's one-year statute of limitations for personal injury claims, KRS § 413.140. Duraline argues that because the alleged incident occurred on October 19, 2006, Plaintiffs had until October 19, 2007, to assert their claim against Duraline. Plaintiffs' moved to amend their complaint to include Duraline several years later, on April 1, 2009. Duraline argues that Plaintiffs should not be permitted to file their second amended complaint because the one-year statute of limitations has clearly expired.

Plaintiffs argue that at the time they filed their original complaint, they did not know they had been injured by Duraline. Plaintiffs did not discover that they were injured by Jones-Hamilton until September 2007. Plaintiffs state that they then promptly filed an amended complaint against Jones-Hamilton, which the Court granted on October 1, 2007, within the statute of limitations period. Plaintiffs argue that they did not know, and could not have known of the existence of the patch, or that the leak was caused by the faulty installation of the patch by Duraline, in October 2007. Plaintiffs argue that they did not discover Duraline's involvement until Jones-Hamilton moved for leave to file their third-party complaint on April 23, 2008.

Plaintiffs' argument that they could not have known of Duraline's involvement within the statute of limitations period is founded upon Kentucky's "discovery rule," KRS § 413.140(2). The discovery rule provides that, in respect to the one-year statutory limitations period, "the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred." KRS § 413.140(2). Thus, Plaintiffs argue that because they could not

3

have ascertained that they were injured by Duraline's faulty installation of a leaky patch within the one-year statutory time period, their personal injury claim should not be time barred.

Under Kentucky law, "a cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497, 501 (Ky. 1979) (quoting *Raymond v. Eli Lilly & Co.*, 371 A.2d 170, 174 (N.H. 1977)). In *Simmons v. South Cent. Skyworker's, Incorporated*, the Sixth Circuit interpreted Kentucky's discovery rule to not toll indefinitely while a plaintiff seeks the identity of the person who caused him injury. 936 F.2d 268, 269 (6th Cir. 1991). Consistent with the Sixth Circuit's interpretation, the Kentucky Court of Appeals in *McLain v. Dana Corporation* held that "the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." 16 S.W.3d 320, 325 (Ky. Ct. App. 1999) (citing *Resthaven Memorial Cemetery, Inc. v. Volk*, 150 S.W.2d 908, 912 (Ky. 1941)).

Here, Plaintiffs knew that they were injured when a tank car leaked hazardous material into the environment. This knowledge is evidenced by Plaintiffs filing of their original complaint within the statutory time period. Plaintiffs ask the Court to draw a distinction in this case from the Sixth Circuit's holding in *Simmons* based on the fact that in *Simmons*, the plaintiff did not know who manufactured the particular defective casting that caused his injury, 936 F.2d at 269, whereas here Plaintiffs did not know that they were injured by a improperly installed patch, let alone who had installed it. The Court does not find the distinction pertinent. The

4

purpose of the discovery rule is to "assist those victims who cannot readily ascertain the causal relationship between their injury and the conduct of another. It is not designed to assist those victims . . who can readily ascertain the causal relationship, but cannot readily ascertain the identity of the alleged tort-feasor." *Simmons*, 936 F.2d at 269 (quoting *Louisville Trust Co.*, 580 S.W.2d at 501). Plaintiffs knew upon suffering their injuries that there existed a causal connection between those injuries and the parties who owned, manufactured, or serviced the tank car. The statute of limitations period should not be extended to give Plaintiffs an additional opportunity to determine which of these parties was the proper tortfeasor. *Accord Boker v. Corning Inc.*, 114 F.3d 1186, 1997 WL 267588, at *2 (6th Cir. 1997). Accordingly, the Court finds Plaintiffs cannot rely on the discovery rule to toll the statute of limitations period under KRS § 413.140.

As Plaintiffs correctly state in their reply brief, Duraline's objection is premature. Under Rule 15(a)(2), Plaintiffs should be permitted to file their second amended complaint, and then, pursuant to Rule 14(a)(3), Duraline may move to dismiss Plaintiffs' claim under Rule 12. *See Bishop v. Atmos Energy Corp.*, 161 F.R.D. 339 (W.D. Ky. 1995) (dismissing amended complaint against third-party defendant on basis of statute of limitations defense). Nonetheless, the statute of limitations issue has already been briefed by both parties in this case. Having reviewed the parties' respective arguments, and for the reasons explained above, the Court finds that Duraline is entitled to dismissal of Plaintiffs' personal injury claim under KRS § 413.140.

A district court should freely give leave to amend the pleadings "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Factors that may affect a district court's determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (internal citations omitted).

The Court notes that Plaintiffs' April 1, 2009 motion to amend their complaint comes almost a year after Defendant Jones-Hamilton filed its third-party complaint and two years after Plaintiffs filed their original complaint. More importantly, Plaintiffs complaint would be futile because the Court has determined that it would not survive a motion to dismiss. For these reasons, the Court finds that justice does not require that Plaintiffs amend their complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED.

An appropriate order shall issue.